UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **David Hightower**, #256047, *formerly #178381*,  Petitioner,  vs.  Warden, McCormick Correctional Institution,  Respondent. | ) C/A No. 2:07-63-CMC-RSC<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at the McCormick Correctional Institution, serving a life sentence, plus ten years, for convictions of first-degree burglary and grand larceny. His convictions and sentences were entered on February 3, 1999 following a guilty plea in the Court of General Sessions for Aiken County.

According to the allegations contained in the Amended Petition (hereinafter called Petition),[2] the first formal legal challenge that Petitioner made against his convictions and

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] The original Petition (Entry 1) submitted in this case was inadequate for review because many of the blanks and questions were left blank by Petitioner. The Amended Petition (Entry 7) was submitted in compliance with directions contained in the initial Order in this case. (Entry 5). The Amended Petition is the operative pleading in this case. All references herein to "Petition," unless

sentences was by way of an appeal to the South Carolina Court of Appeals that was filed on September 25, 2001, over two and half years after the convictions and sentences were entered. After he lost that appeal for undisclosed reasons and certiorari review was denied by the South Carolina Supreme Court on February 21, 2002, a Post Conviction Relief Application (PCR) was filed in the Court of Common Pleas of Aiken County on April 23, 2003, over one year after the appeal was decided. The PCR case was concluded on November 3, 2004, and Petitioner appealed that decision. The appeal from the PCR case was concluded on October 4, 2006 according to Petitioner. Petition, at 6. The original Petition in this case was submitted to prison officials for mailing, and thus considered filed with this Court, on February 3, 2007. *See* Houston v. Lack, 487 U.S. 266 (1988)(where prison inmates are concerned, submission to the mailroom for mailing is considered the date of filing with the Court). Petitioner asserts four grounds on which he contends that his convictions and sentences are invalid and should be vacated: denial of discovery, defective chain of custody of evidence used against Petitioner, insufficient evidence to convict, and improper prosecutorial argument.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez,

---

otherwise qualified, are references to the Amended Petition (Entry 7).

2

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal because it is untimely.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C.

§ 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148 n.2 (D. N.J. 1996).

As previously stated, Petitioner never filed a timely notice of direct appeal from his convictions and sentences within the ten days permitted by S.C.A.C.R. 203(b)(1). As a result, he had one year from the date on which his appeal time ran: April 13, 1999, to file his § 2254 petition. Any time during that period in which he pursued properly filed state remedies would be tolled. Unfortunately, according to his own allegations, he did nothing at all to challenge the convictions and sentences until he filed an appeal in the South Carolina Court of Appeals over two and half years later on September 25, 2001.[4] From that point, Petitioner appears to have waited over another full year and a half to continue his challenges by filing a PCR case in Aiken County on April 23, 2003. Once again, Petitioner fails to provide any explanation for why he waited from February 21, 2002 until April of 2003 to file his PCR case.[5] After filing his late PCR in 2003, it appears that Petitioner was continuously litigating the validity of his convictions and sentences until the termination of the appeal from the denial of Petitioner's PCR application, which apparently happened in late 2006.[6]

Regardless of Petitioner's continuing litigation after the denial of his late-filed direct appeal, the Petition in this case is barred by the statute of limitations contained in § 2254

---

[4] He does not offer any explanation for why he waited over two and half years from the date his convictions and sentences became final to institute any challenges in state courts.

[5] That excess one-year period is irrelevant to the outcome of this case since, as will be later developed, the § 2254 statute of limitations had already run long before the challenges were even begun.

[6] Petitioner asserts that his convictions and sentences became final on "October 4, 2006" and claims that he "exhausted [his] state remedies." Petition, at 13. However, Petitioner does not explain why he believes that his convictions and sentences became final some five and half years after they actually did on February 13, 2000.

5

because it is clear from the face of the Petition that his convictions and sentences became final one year after the time ran for Petitioner to file a timely direct appeal: February 13, 1999. The judgment of convictions and sentences was entered on February 3, 1999 and became final on February 13, 1999, when the ten-day permitted time for filing a direct appeal in the case expired. *See* Fed.R.App.P. 4(b)(1)(A)(i), (6); Fed.R.Civ.P. 6; SCACR 203(b)(2); *see also* Ramirez v. U.S., 146 Fed.Appx. 325, 2005 WL 1706142 (11th Cir., July 22, 2005). Accordingly, to protect himself from the running of the § 2254 statute of limitations, Petitioner needed to file some appropriate and timely ("properly filed") challenge such as a Post Conviction Relief Application (PCR) before February 13, 2000. By allowing that date to pass without explanation and waiting another entire year and half to file his first challenge with the Court of Appeals on September 25, 2001, Petitioner lost the opportunity to toll the running of § 2254 through the prosecution of that appeal, or throughout the 2003 PCR case and the appeal from the PCR case. Because the § 2254 statute of limitations had already run before Petitioner even began the process of exhausting his state remedies, there was nothing left to toll.

Furthermore, there are no facts presented in the Petition that warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and

quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable

7

> tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-47.

Although he was specifically questioned about the timeliness issue and was given a clear opportunity on page 13, paragraph 18 of the Petition to explain his untimeliness, Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *See* Rouse. Therefore, since it is clear from the face of the Petition that it is untimely and since Petitioner has not provided any excuse for this untimeliness despite being given a clear opportunity to do so in the Petition, it is recommended that the Petition be dismissed as it is barred by the statute of limitations. *See* Day v. McDonough, 126 S.Ct. 1675, 1683-84 (U.S., April 25, 2006)(timeliness is generally an affirmative defense, but can be a basis for *sua sponte* dismissal if the untimeliness is clear from the face of the petition and if the petitioner has been allowed to explain).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See* Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal

8

district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

February 22, 2007
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
P.O. Box 835<br>
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).