IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David Hightower, #256047, | ) | C/A NO. 2:07-63-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* motion for reconsideration, received by the court on May 3, 2007. Because it was received by this court within the ten-day period prescribed in Rule 59(e) of the Federal Rules of Civil Procedure, the court considers Petitioner's motion under Rule 59.

Rule 59 motions for reconsideration are disfavored. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that a party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

As another court of this district has stated:

> Rule 59(e) of the Federal Rules of Civil Procedure provides a mechanism for an aggrieved party to petition the Court to alter or amend a judgment under certain limited circumstances. The purpose of a Rule 59(e) motion "is to allow the

1

> court to reevaluate the basis for its decision." *Keyes v. National R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991). Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes,* 766 F. Supp. at 280; and "cannot be used to raise arguments which could and should, have been made before the judgment issued," *F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); or to submit evidence which should have been previously submitted. *Borvan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

*Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C.1994) (Shedd, J.).

The court has carefully reviewed the arguments set forth in Petitioner's Motion for Reconsideration. Petitioner's motion neither argues that an intervening change in the law has occurred or that new evidence has come to light, nor raises any meritorious grounds showing that reversal of the court's order, filed April 24, 2007, is necessary to correct a clear error of law or prevent manifest injustice. *See Staton*, 994 F.2d at 1081.

Additionally, if the court were to consider Petitioner's motion as a request for an extension of time to respond to the Magistrate Judge's Report and Recommendation, the court would deny Petitioner's request. The Report and Recommendation was filed on February 22, 2007, and this court did not enter its order until April 24, 2007. Petitioner had ample time, regardless of the circumstances he cites, to respond to the Report and Recommendation.

For the reasons discussed above, the court **denies** Petitioner's motion for reconsideration.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 18, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-63 Hightower v. denying motion for reconsideration.wpd